UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Peter Allan, Sr.,                                    File No. 16-cv-2241 (JRT/LIB)

            Plaintiff,

v.                                                   **ORDER AND**
                                                     **REPORT AND RECOMMENDATION**
Cal Ludeman, et al.,

            Defendants.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636, and upon Plaintiff's Motion for Extension of Time for Process Service, [Docket No. 15]; Defendants' Motion to Dismiss, [Docket No. 21];[1] Plaintiff's Motion for Reasonable Accommodations, [Docket No. 29]; Plaintiff's Motion for Leave to File First Amended Complaint, [Docket No. 35] and Defendants' second Motion to Dismiss. [Docket No. 49].[2] The Court took the parties' Motions under advisement on the parties' written submissions. (Order [Docket No. 71]).

For the reasons discussed herein, Plaintiff's Motion for Extension of Time for Process Service, [Docket No. 15], is **DENIED as moot**; Plaintiff's Motion for Reasonable Accommodations, [Docket No. 29], is **DENIED as moot**; and Plaintiff's Motion for Leave to File First Amended Complaint, [Docket No. 35], is **DENIED**.

---

[1] Only Defendants Benoit, Benson, Bornus, Christensen, Hebert, Johansson, Johnson-Piper, Johnston, Kniesel, Kulas, Lockie, Moser, Dana Osborne, Tara Osborne, Elizabeth Peterson, Ross Peterson, Puffer, Richardson, Sayovitz and Sheeran brought the first Motion to Dismiss. [Docket No. 21]. The first Motion to Dismiss was brought in those Defendants' official capacities.

[2] Only Defendants Benoit, Benson, Bornus, Christensen, Hebert, Johansson, Johnson-Piper, Johnston, Kniesel, Kulas, Lockie, Ludeman, Lundquist, Moser, Dana Osborne, Tara Osborne, Elizabeth Peterson, Ross Peterson, Puffer, Richardson, Sayovitz and Sheeran brought the second Motion to Dismiss. [Docket No. 49]. The second Motion to Dismiss was brought in those Defendants' individual capacities.

For the reasons discussed herein, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 21], be **GRANTED;** Defendant's second Motion to Dismiss, [Docket No. 49], be **GRANTED**; and Plaintiff's Complaint be **DISMISSED with prejudice**.[3]

## I.    Background

Plaintiff Peter Allan, Sr. (hereinafter "Plaintiff") is a patient civilly committed in the Minnesota Sex Offender Program (hereinafter "MSOP"). (Compl [Docket No. 1]).

On December 21, 2011, patients civilly committed at the MSOP Moose Lake facility, including Plaintiff in the present case, "filed a 42 U.S.C. § 1983 complaint against various state employees for violations of their constitutional and statutory rights." Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), Order, [Docket No. 828], at 6–7 (D. Minn. Feb. 2, 2015). The plaintiffs in Karsjens "identif[ied] numerous policies, procedures, and conditions of confinement that they claim[ed], when considered cumulatively and in context, violate[d] their constitutional rights." Id. at 7. On July 24, 2012, the Court in Karsjens certified a class which consisted of "'[a]ll patients currently civilly committed' to MSOP" and "[t]he Court appointed the fourteen named Plaintiffs" to serve as class representatives. Id.

On October 28, 2014, the plaintiffs in Karsjens filed a Third Amended Complaint which asserted thirteen claims including the following "claims: (I) Minnesota Statute § 253D is facially unconstitutional; (II) Minnesota Statute § 253D is unconstitutional as applied; . . . (V) Defendants have denied Plaintiffs the right to be free from punishment in violation of the

---

[3] While the undersigned is aware that the present Motions to Dismiss were brought by less than all the named Defendants, Plaintiff is proceeding in forma pauperis, and therefore, the undersigned will review Plaintiff's Complaint and Motion to Amend as it relates to all Defendants. See, 28 U.S.C. § 1915(e)(2) (providing that when a plaintiff is proceeding in forma pauperis under § 1915 "the court shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief"). It is, therefore, this Courts obligation to review Plaintiff's Complaint and Proposed Amended Complaint as asserted against all Defendants.

Fourteenth Amendment to the United States Constitution and the Minnesota Constitution;" and "(VII) Defendants have denied Plaintiffs the right to be free from inhumane treatment in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution . . . ." Id. at 10–11.

On June 15, 2015, the Honorable Donovan W. Frank, after a six week trial, found that the Minnesota Sex Offender Program statutory scheme was "unconstitutional on its face and as applied (Count I and II)," and therefore, Judge Frank granted "Plaintiffs' request for declaratory relief with respect to Count I and II of their Third Amended Complaint . . . ." Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), Order, [Docket No. 966], at 65–75 (D. Minn. June 15, 2015). Because the remedial measures ordered respective to Counts I and II would "addressed the issues raised in . . . Counts III, V, VI, and VII" Judge Frank did not address Counts III, V, VI, and VII in the June 15, 2015, Order. See, Id. at 65.

On June 29, 2016, Plaintiff, proceeding pro se, initiated the present case by filing his Complaint. [Docket No. 1]. On January 5, 2017, Defendants in the present case, in their official capacities, moved to dismiss the present Complaint against them in its entirety. (Defs.' Mot. to Dismiss [Docket No. 21]).

Defendants in Karjens appealed Judge Frank's June 17, 2015, Order, and "[o]n January 3, 2017, the Eighth Circuit issued an opinion 'revers[ing] the district court's finding of a constitutional violation and vacat[ing] the injunctive order." Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), Order, [Docket No. 1108], at 5 (D. Minn. Aug. 23, 2018).

3

On March 6, 2017, Defendants in the present case, in their individual capacities, moved to dismiss the present Complaint against them in its entirety. (Defs.' Second Mot. to Dismiss [Docket No. 49]).

On June 30, 2017, the Honorable John R. Tunheim, Chief District Court Judge for the District of Minnesota, stayed the present case "pending the litigation in *Karsjens*, or until further order of the Court stating otherwise." (Order [Docket No. 68]).

On August 23, 2018, Judge Frank in the Karsjens case issued an Order addressing, among other things, Counts III, V, VI, and VII "in light of the Eighth Circuit's decision." Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), Order, [Docket No. 1108], at 1 (D. Minn. Aug. 23, 2018). With respect to Counts V and VII, Judge Franks concluded that based on Eighth Circuit precedent defendants were "not liable under Counts V and VII." Id. at 18. Specifically, Judge Frank concluded "that the Eighth Circuit's holdings and reasonings preclude finding a substantive due process violation under Counts V and VII." Id. at 17. Judge Frank held that "[r]egardless of the theory of liability alleged, Plaintiffs' Fourteenth Amendment substantive due process claims are analyzed under the two-part test identified by the Eighth Circuit in its *Karsjens* opinion. Furthermore, the Eighth Circuit has explicitly held that Defendants' actions, as revealed in Phase One of trial, do not rise to the conscience-shocking level necessary to support Fourteenth Amendment substantive due process liability." Id. at 19. Accordingly, Judge Frank dismissed with prejudice Counts V and VII of the Karsjens Third Amended Complaint. Id. at 20.

On October 22, 2018, the stay in the present case was lifted. (Order [Docket No. 70]).

## II.    Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint articulate "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." Gurman v. Metro Housing and Redevelopment Authority, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).

In the present case, Plaintiff's Complaint, [Docket No. 1], names thirty-two (32) Defendants each of whom is alleged to be culpable in each of the three discrete causes of actions despite the fact that the vast majority of the named Defendants are only related in an ancillary manner to the factual allegations underlying the causes of action. (See, Compl. [Docket No 1]). Moreover, Plaintiff's Complaint sprawls over fifty-two pages with 161 paragraphs many of which contain several subparts. (See, Id.). Plaintiff's Proposed Amended Complaint stretches over 97 pages with over 250 paragraphs many of which again contain several subparts. (See, Proposed Amended Compl. [Docket No. 35]).

A Court may sua sponte dismiss a complaint that fails to comply with Rule 8. See, Olson v. Little, 978 F.2d 1264 (8th Cir. 1992) (unpublished table disposition); see also, Mangam v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1985), cert. denied, 488 U.S. 1013 (1989). Plaintiff's Complaint, and even his Proposed Amended Complaint, fail to comply with Rule 8's requirement that a complaint articulate "a short and plain statement of the claim showing that the pleader is entitled to relief." On that basis alone, the undersigned could recommend that Plaintiff's Complaint be dismissed.

The undersigned will, however, in an abundance of caution evaluate Plaintiff's claims on the merits.

## III.    Plaintiff's Complaint. [Docket No. 1].

Plaintiff's Complaint, [Docket No. 1], alleges that Defendant Ludeman and Defendant Benson purposefully caused Complex 1 at the MSOP Moose Lake facility to be constructed in a manner consistent with a "maximum security prison facility" which according to Plaintiff constitutes a violation of his constitutional rights. (See, Compl. [Docket No. 1]). Plaintiff further alleges that Defendants, apparently individually and as a collective, have failed to do anything to rectify these constitutional violations.

Plaintiff alleges that Complex 1 at the MSOP Moose Lake facility, where Plaintiff is housed, was constructed in a manner akin to a "maximum security prison facility" as opposed to a treatment facility, and therefore, Plaintiff's constitutional rights have been violated because he was civilly committed for treatment purposes not for punishment. (See, Id.). Specifically, Plaintiff alleges that Complex 1 of the MSOP Moose Lake facility is constitutionally impermissible because its construction "failed to contain the correct floor coverings"; "failed to contain the minimum amount of usable floor space for double-occupancy rooms"; "contains a steel prison cell door with a 'cuff port' installed into the door"; "failed to contain the correct distance between beds"; "failed to contain the proper furniture and fixtures"; "failed to contain the correct sink and lavatory facilities"; "failed to contain the correct type of shower rooms; semiprivate with a half-door open to the dayroom"; "failed to contain the correct level of privacy for each patient"; and "failed to contain any laundry facility for [Plaintiff's] personal use." (Compl., [Docket No. 1], at 25–26). Plaintiff alleges "[t]hat even though each defendant knew of the constitutional deficiencies of Complex 1, they constructed it and forcibly housed [Plaintiff] in

Complex 1, with complete knowledge and disregard for [Plaintiff's] civil rights under due process." (Id. at 27).

On the basis of this allegations, Plaintiff raises three claims: (1) "Denial of Right to be Free from Punishment in Violation of the Fourteenth Amendment of the United States Constitution and the Minnesota Constitution" (Count 1), (2) "Denial of Right to be Free from Inhumane Treatment in Violation of the Fourteen Amended to the United States Constitution and the Minnesota Constitution" (Count 2), and "Denial of Due Process under Equal protection/discrimination because [Plaintiff] received much more draconian physical restriction than any similarly situated committed patients within the MSOP-ML; and severely more draconian physical restriction than any other class of civilly committed patient outside the MSOP-ML" (Count 3).

**IV.    Plaintiff's Motion for Leave to File First Amended Complaint. [Docket No. 35].**

As noted above, on January 5, 2017, Defendants, in their individual capacities, filed their Motion to Dismiss, [Docket No. 21], and in response to that Motion to Dismiss, Plaintiff filed his Proposed Amended Complaint. [Docket No. 35].[4]. On March 6, 2017, Defendants filed their Second Motion to Dismiss, [Docket No. 49], to which Plaintiff responded.

Plaintiff's Motion for Leave to File First Amended Complaint, [Docket No. 35], seeks to double the length of Plaintiff's Complaint to add more discussion of the history of the construction of Complex 1 at the MSOP Moose Lake facility, additional statutory definition quotes, more details regarding the construction of Complex 1 at the MSOP Moose Lake facility, more details regarding how the construction of Complex 1 at the MSOP Moose Lake facility

---

[4] When Plaintiff filed his Proposed Amended Complaint the undersigned construed it as Plaintiff's response to Defendants' pending Motion to Dismiss, and as a response to Defendants' Motion to Dismiss, the Court further construes Plaintiff's Proposed Amended Complaint in his favor as a motion seeking leave to amend Plaintiff's Complaint. (See, Order [Docket No. 41]).

affects the operation of the MSOP Moose Lake facility, rhetoric regarding the history of perceived discrimination in the United States, and a description of each Defendant's position, as well as, how Plaintiff perceives that Defendant to be related to his previous assertions. (See, Proposed Amended Compl. [Docket No. 54-1]). Plaintiff also adds several paragraphs which simply repeat and summarize assertions already made in his original Complaint. (See, e.g., Id. at 35, 63, 99). Plaintiff's Proposed Amended Complaint contains the same three Counts as his original Complaint, however, through his Proposed Amended Complaint and in his Equal Protection claim Plaintiff makes passing references to the Americans with Disabilities Act. (See, Proposed Amended Compl. [Docket No. 35]).

Eighth Circuit jurisprudence provides that courts should consider motions to amend the pleadings prior to ruling on pending motions to dismiss. In Pure Country, Inc., the defendant moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 955 (8th Cir. 2002). While the motion to dismiss was pending, the plaintiff filed a motion to amend its pleading and add additional parties. Id. The district court granted the defendant's motion to dismiss and denied as moot the plaintiff's motion to amend. Id. On appeal, the Eighth Circuit reversed, writing:

> [T]he district court ignored Pure Country's motion to amend, granted Sigma Chi's motion to dismiss the original complaint, and then denied Pure Country's motion to amend the complaint as moot. That approach, as a procedural matter, was plainly erroneous. If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint. We therefore reverse the district court's denial of Pure Country's motion to amend the complaint, and we remand the matter to the district court with instructions to reconsider the motion under the discretionary standard asserted by Pure Country. In order to permit the district court to reconsider the motion to amend the complaint, we also vacate the district court's dismissal of the original complaint; however, we do so subject to the possibility that the claims in question may again be dismissed by the district court following its ruling on the motion to amend.

Id. at 956 (internal citations omitted). The Eighth Circuit held that it is procedural error to grant a pending motion to dismiss and subsequently dismiss a motion to amend the complaint as moot, recommending, instead, that courts apply the Rule 15 discretionary standard and first weigh motions to amend. Id.; Murrin v. Fischer, No. 07-cv-1295 (PJS/RLE), 2008 WL 540857 (D. Minn. Feb. 25, 2008).

Accordingly, the Court considers Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 35], before considering Defendants' Motions to Dismiss. [Docket Nos. 21, 49].

### A.  Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). However, "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), but the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

A party may successfully challenge a motion to amend pleadings on grounds of futility if the claims created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for

failure to state a claim upon which relief can be granted. <u>See</u>, <u>Cornelia I. Crowell GST Trust v. Possis Medical, Inc.</u>, 519 F.3d 778, 782 (8th Cir. 2008); <u>Humphreys v. Roche Biomedical Lab., Inc.</u>, 990 F.2d 1078, 1082 (8th Cir. 1993). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." <u>See</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679–81 (2009). The moving party must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>; <u>see</u>, <u>Farnam Street Fin., Inc. v. Pump Media, Inc.</u>, No. 09–233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec.8, 2009) (citing <u>Iqbal</u>, 556 U.S. at 678).

While the Court is required to construe the content with Plaintiff's pleadings liberally as he is proceeding *pro se*, Plaintiff is nevertheless bound by applicable procedural and substantive law. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." <u>Burgs v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984).

**B. Analysis**

The Court first notes that Plaintiff's Motion for Leave to Amend, [Docket No. 35], fails to comply with Local Rule 7.1(b) governing nondispositive civil motion practice, as well as, Local Rule 15.1 governing the amendment of pleadings.

10

Local Rule 7.1(b) requires that when a party files a nondispositive motion, such as a motion to amend a complaint, the moving party must also simultaneously file a memorandum of law, any affidavits and exhibits, a notice of hearing, a proposed order, and a meet and confer statement. Plaintiff filed only a Proposed Amended Complaint; there is no actual motion, memorandum of law in support of said motion, notice of hearing, proposed order, or meet and confer statement. In addition, there is no indication in the record whatsoever that Plaintiff has conferred with Defendants' counsel in any way regarding the present motion.

Local Rule 15.1(b) requires that any motion to amend a complaint be accompanied by "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic method—how the proposed amended pleading differs from the operative" complaint. LR 15.1(b). In the present case, Plaintiff failed to file a version of the Proposed Amended Complaint that demonstrates to the Court how the Proposed Amended Complaint differs from the operative Complaint. Instead, the court was required to dredge through Plaintiff's Proposed Amended Complaint spanning over 100 pages to decipher the difference between the Proposed Amended Complaint and the operative Complaint.

On the basis of this noncompliance, the Court could strike, and decline to consider, Plaintiff's Motion for Leave to Amend Complaint. Again in an abundance of caution, however, the Court will consider the merits of Plaintiff's noncompliant Motion.

As noted above, Plaintiff's Proposed Amended Complaint seeks to double the length of Plaintiff's Complaint to add more discussion of the history of the construction of Complex 1 at the MSOP Moose Lake facility, additional statutory definition quotes, more details regarding the construction of Complex 1 at the MSOP Moose Lake facility, more details regarding how the construction of the MSOP Moose Lake facility affects the operation of the MSOP Moose Lake

facility, rhetoric regarding the history of perceived discrimination in the United States, and a description of each Defendant's position, as well as, how Plaintiff perceives that Defendant to be related to his previous assertions. (See, Proposed Amended Compl. [Docket No. 35]). Plaintiff also adds several paragraphs which simply repeat and summarize already made in his original Complaint. (See, e.g., Id. at 35, 63, 99). Plaintiff's Proposed Amended Complaint contains the same three Counts as his original Complaint, however, through his Proposed Amended Complaint and in his Equal Protection claim Plaintiff makes passing references to the Americans with Disabilities Act. (See, Proposed Amended Compl. [Docket No. 35]).

It is unclear from Plaintiff's Proposed Amended Complaint, how Plaintiff intended each proposed addition in the Proposed Amended Complaint to related to each original cause of action or if he intended all of the proposed additions to be supportive of all of the original causes of action. Rather than discuss each proposed addition individually, the undersigned will, in an effort to give Plaintiff the benefit of the doubt, consider each causes of action in the context of the Proposed Amended Complaint as a whole to determine if allowing such an amendment would be futile.

### i.  Count 1 and Count 2

Defendants contend that Count 1 and 2 of Plaintiff's Proposed Amended Complaint are futile because Plaintiff is barred by the doctrine of issue preclusion from raising Counts 1 and 2.

"The term 'collateral estoppel' comprehends a variety of more specific doctrines including issue preclusion, the estoppel applicable here." Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007). The application of collateral estoppel or issue preclusion is a question of law. Id.

> In the Eighth Circuit, issue preclusion has five elements: "(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must

have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment."

B&B Hardware Inc. v. Hagris Indus., Inc., 569 F.3d 383 (8th Cir. 2009) (quoting Robinette, 476 F.3d at 589).

In the present case, the undersigned finds that Plaintiff's Count 1 and 2 are identical to the claims raised in Count 5 and 7 of the Third Amended Complaint in Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL); that Plaintiff was a party to the Karsjens litigation; that Counts 5 and 7 in the Karsjens case were actually litigated resulting in a final judgment; and that the determination of Counts 5 and 7 in the Karsjens case was essential to the judgment on those matters.

There is no doubt that Plaintiff as a person civilly committed to the MSOP Moose Lake facility was a plaintiff in the Karsjens litigation. The certified class in the Karsjens case was comprised of "'[a]ll patients [then-]currently civilly committed' to MSOP." Plaintiff does not argue that he was not a member of the Karsjens certified class.

Likewise, there is no reasonable argument that the issues presented in Counts 5 and 7 of the Karsjens Third Amended Complaint differ in any material way from the claims raised in Count 1 and 2 of the Plaintiff's present Complaint and Proposed Amended Complaint.

Count 1 of Plaintiff's Proposed Amended Complaint is entitled "Denial of Right to be Free from Punishment in Violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution," and Count 2 of Plaintiff's Proposed Amended Complaint is entitled "Denial of Right to be Free from Inhumane Treatment in Violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution." (Proposed Amended Compl., [Docket No. 35], at 90–98). Through Count 1 and Count 2 of his

Proposed Amended Complaint, Plaintiff asserts that his substantive due rights were violated "[b]ased upon construction of Complex 1" because Defendants forced him to live in a "punitive environment" and subjected Plaintiff to "inhumane treatment through punitive and unnecessarily restrictive housing conditions at the MSOP Complex 1 living unit." (Id.).

Plaintiff alleges that Complex 1 at the MSOP Moose Lake facility was constructed in a manner akin to a "maximum security prison facility" as opposed to a treatment facility, and therefore, Plaintiff's constitutional rights have been violated because he was civilly committed for treatment purposes not for punishment. (See, Id.). Specifically, Plaintiff alleges that Complex 1 at the MSOP Moose Lake facility is constitutionally impermissible because its construction "failed to contain the correct floor coverings"; "failed to contain the minimum amount of usable floor space for double-occupancy rooms"; "contains a steel prison cell door with a 'cuff port' installed into the door"; "failed to contain the correct distance between beds"; "failed to contain the proper furniture and fixtures"; "failed to contain the correct sink and lavatory facilities"; "failed to contain the correct type of shower rooms; semiprivate with a half-door open to the dayroom"; "failed to contain the correct level of privacy for each patient"; and "failed to contain any laundry facility for [Plaintiff's] personal use." (Id. at 33–38). Plaintiff alleges "[t]hat even though each defendant knew of the constitutional deficiencies of Complex 1, they constructed it and forcibly housed [Plaintiff] in Complex 1, with complete knowledge and disregard for [Plaintiff's] civil rights under due process." (Id. at 25–28).

Count 5 of the Third Amended Complaint in Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), is also entitled "Denial of Right to be Free from Punishment in Violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution" and Count 7 of the Third Amended Complaint in Karsjens is

14

entitled "Denial of Right to be Free from Inhuman Treatment in Violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution." Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), Third Amended Complaint, [Docket No. 635], at 67–70, 72–74 (D. Minn. Oct. 28, 2014).

Much of the wording from Counts 5 and 7 of the Karsjens Third Amended Complaint is simply copied directly into the Complaint and Proposed Amended Complaint in the present case. (Compare Id. with Compl. [Docket No. 1] and Proposed Amended Complaint [Docket No. 35]). The Third Amended Complaint in Karsjens contains and alleges each of the facility construction problems with which Plaintiff, in the present case, also here takes issue. See, Karsjens, et al. v. Minnesota Department of Human Services, et al., 11-cv-3659 (DWF/TNL), Third Amended Complaint, [Docket No. 635], at 40–47 (D. Minn. Oct. 28, 2014).

In Karsjens, Judge Frank described Counts 5 and 7 as "challeng[ing] the punitive nature of confinement at the MSOP based on the asserted rights under the Fourteenth Amendment to be free from punishment and inhumane treatment." Karsjens, Order, [Docket No. 1108], at 17. That is the exact claim Plaintiff also makes here in Counts 1 and 2. In the present case, Plaintiff— through Count 1 and 2—asserts that the construction conditions at the MSOP Moose Lake Complex 1 facility, where he is housed, subject him to unconstitutional punishment and inhumane treatment in violation of his substantive due process rights.

Accordingly, the undersigned finds that the issue sought to be precluded here (Counts 1 and 2 in the present case) are the same as the issue which were involved in the prior Karsjens action.

The Court next discusses whether or not the issue of Plaintiff's substantive due process rights previously asserted in Counts 5 and 7 of the Karsjens action were "actually litigated."

In <u>Karsjens</u>, Judge Frank concluded "that the Eighth Circuit's holdings and reasoning preclude finding a substantive due process violation under Counts V and VII." <u>Karsjens,</u> Order, [Docket No. 1108], at 17. Judge Frank noted that "the Eighth Circuit reviewed the Phase One record and determined that 'the class plaintiffs have failed to demonstrate that any of the identified actions of the state defendants or arguable shortcomings in the MSOP were egregious, malicious, or sadistic as is necessary to meet the conscience-shocking standard." <u>Id.</u> at 18. Judge Frank further noted that "[r]egardless of the theory of liability alleged, Plaintiffs' Fourteenth Amendment substantive due process claims are analyzed under the two-part test identified by the Eighth Circuit in its *Karsjens* opinion" and "the Eighth Circuit has explicitly held that Defendants' actions, as revealed in Phase One of trial, do not rise to the conscience-shocking level necessary to support Fourteenth Amendment substantive due process liability." <u>Id.</u> at 19.

The undersigned finds that the issue of Plaintiff's substantive due process rights raised in Count 1 and 2 in the present case were "actually litigated" in the prior <u>Karsjens</u> action. Judge Franks conducted a six week trial on the issues raised in <u>Karsjens</u>, and Judge Frank made a determination on the merits of the issue of Plaintiff's substantive due process rights as asserted in the present case.

The issuances of Judge Frank's August 23, 2018, decision resulted in final judgment being entered on Counts 5 and 7 of the <u>Karsjens</u> Third Amended Complaint. <u>Karsjens, et al. v. Minnesota Department of Human Services, et al.,</u> 11-cv-3659 (DWF/TNL), Judgment [Docket No. 1109] (D. Minn. Aug. 25, 2018). Accordingly, the undersigned finds that the issue to be precluded here was "determined by a valid and final judgment."

Lastly, the undersigned considers whether or not the "determination in the prior action" was "essential to the prior judgment." It is axiomatic that determination on the issue of

substantive due process in Counts 5 and 7 of the Third Amended Complaint in <u>Karsjens</u> was "essential" to the prior judgment on those Counts. The circumstances of the present case are not circumstances where the issue to be precluded was an ancillary issue in the prior litigation. In the present case, claims of substantive due process rights violations present by and central to Counts 1 and 2 in the present case are identical to the claims of substantive due process rights violations central to the judgment on Counts 5 and 7 in <u>Karsjens</u>.

It is clear that the five requisite elements for the doctrine of preclusion are met as to the issues asserted in Count 1 and 2 in the present case. The substantive due process issues raised by Plaintiff in Count 1 and 2 of the present case were fully litigated and dismissed with prejudice on the merits in <u>Karsjens</u>, <u>supra</u>, by Judge Frank on August 23, 2018. Judgement was entered the following day. Therefore, the undersigned finds that Plaintiff is collaterally estopped here from asserting the substantive due process claims found in Count 1 and Count 2 of the Complaint and Proposed Amended Complaint.

### ii.  Count 3: Equal Protection

Plaintiff's Proposed Amended Complaint also raises an Equal Protection Claim which Plaintiff entitles "Denial of Due Process under Equal Protection/discrimination because [he] receives much more draconian physical liberty restriction than any similarly situated civilly committed patients within the MSOP-Moose Lake; and severely more draconian physical liberty restriction than any other class of civilly committed patient outside the MSOP-Moose Lake." (Proposed Amended Compl., [Docket No. 35], at 93–97). Plaintiff asserts that the alleged "refusal by each Defendant to treat" him "similarly to other patients civilly committed deprives [Plaintiff] of equal protection of the laws, and discriminates against [him] because he is in a class named: sex offender" which thereby violates his constitutional rights because he "is being treated

17

differently without rational independent basis as compared to other patients civilly committed in Minnesota and indeed those held in other state hospitals and deemed to be 'mentally ill and/or dangerous.'" (<u>Id.</u>).

Liberally construing Plaintiff's Proposed Amended Complaint, his Equal Protection claims asserts that his constitutional right to equal protection under the laws are being violated (1) by his being treated differently than other persons civilly committed in Minnesota to facilities other than the MSOP-Moose Lake Complex 1 facility, (2) by his being treated differently than other persons civilly committed within the MSOP-Moose Lake Complex 1 facility, and (3) by his being treated differently than that persons civilly committed in other states. (<u>See</u>, <u>Id.</u>)

The Fourteenth Amendment provides in relevant part that no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Cont. amend, XIV. "The Equal Protection Clause requires the government to treat all similarly situated people alike." <u>Creason v. City of Washington</u>, 435 F.3d 820, 823 (8th Cir. 2006) (citing <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 739 (1985)). "To state an equal protection claims, [a plaintiff] must have established that he was treated differently from others similarly situated to him." <u>Johnson v. City of Minneapolis</u>, 152 F.3d 859, 862 (8th Cir. 1998). This claim must be based on some prohibited form of discrimination. <u>See</u>, <u>Patel v. U.S. Bureau of Prisons</u>, 515 F.3d 807, 815 (8th Cir. 2008); <u>Knutson v. Ludeman</u>, No. 10-cv-357 (PJS/LIB), 2011 WL 821253, at *11 (D. Minn. Jan. 12, 2011) adopted as modified 2011 WL 808189 (D. Minn. Mar. 1, 2011). "The Equal Protection Clause does not mandate identical treatment of different categories of persons." <u>Plyler v. Doe</u>, 457 U.S. 202, 243 (1982). Absent a threshold showing that a plaintiff is similarly situated to those who allegedly received favorable treatment, a plaintiff does not have a viable equal protection claims. <u>Klinger v. Department of Corrections</u>, 31 F.3d 727, 731 (8th Cir. 1994).

To the extent Plaintiff asserts that his constitutional right to equal protection under the laws was violated by his being treated differently than persons civilly committed in Minnesota who are not housed in the MSOP-Moose Lake Complex 1 facility this claim necessarily fails. Courts in this District, and across the country, have regularly held that persons civilly committed at one facility are not similarly situated to individuals who are civilly committed at other facilities. See, e.g., Gamble v. Minnesota State-Operated Servs., No. 16-cv-2720 (JRT/KMM), 2017 WL 4325702, at *5 (D. Minn. Sept. 28, 2017); Beaulieu v. Ludeman, No. 7-cv-1535 (JMR/JSM), 2008 WL 2498241, at *13 (D. Minn. June 18, 2018) (discussing MSOP civil committees and holding that "[d]etainess at one facility or unit are not considered to be 'similarly-situated' to detainees at other facilities or units for Equal Protection purposes"); Serna v. Goodno, No 4-cv-615 (JMR/SRN), 2005 WL 1324090, at *6 (D. Minn. June 3, 2005) report and recommendation adopted, 2005 WL 1705623 (D. Minn. July 7, 2005), aff'd, 567 F.3d 944 (8th Cir. 2009); see also, Jackson v. Wengler, No. 7-cv-3587 (JRT/FLN), 2007 WL 3275102, at *6 (D. Minn. Nov. 2, 2007) ("Generally speaking, however, inmates at one prison are not considered to be 'similarly-situated' to inmates at other prisons, for Equal Protection purposes."). Therefore, to the extent Plaintiff asserts that his constitutional right to equal protection under the laws are violated by his being treated differently than persons civilly committed in Minnesota who are not housed in the MSOP-Moose Lake Complex 1 facility, his equal protection claim fails.

Likewise, to the extent Plaintiff asserts that his constitutional right to equal protection under the laws was violated by his being treated differently than that persons civilly committed in other states, his claim fails for the same reasons. Plaintiff is not similarly situated to the persons housed at those other facilities. See, e.g., Gamble, 2017 WL 4325702, at *5; Beaulieu,

2008 WL 2498241, at *13; Serna, 2005 WL 1324090, at *6; see also, Jackson, 2007 WL 3275102, at *6.

To the extent Plaintiff asserts that his constitutional right to equal protection under the laws was violated by his being treated differently than other persons civilly committed within the MSOP-Moose Lake Complex 1 facility, he fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In the present case, Plaintiff has failed to plead any factual assertions demonstrating how persons civilly committed within the MSOP Moose Lake Complex 1 facility are being treated differently. Rather, Plaintiff alleges that all person housed in MSOP Moose Lake Complex 1 are subject to the same construction problems with which Plaintiff is faced. Simply put, Plaintiff fails to allege any facts from which this Court could draw the reasonable inference that Defendants were treating Plaintiff differently from other MSOP civil committees housed in the MSOP Moose Lake Complex 1 facility.[5]

---

[5] The same is true for Plaintiff's apparent attempted assertion that the Americans with Disabilities act somehow provides him with a basis for an Equal Protection claim. Plaintiff asserts that "[t]he ADA specifically adds, with relation to [Plaintiff] that physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society and the discrimination against individuals with disabilities may not persist in such critical areas as employment, housing, public accommodations, communications, recreation, institutionalization, and access to public services." (Proposed Amended Compl., [Docket No. 35], at 92–97). Even assuming solely for the sake of argument that the Americans with Disabilities act was somehow applicable to the present case, the fact of the matter remains that Plaintiff has failed to allege any facts upon which this Court could draw the reasonable inference that Plaintiff was being treated differently than other similarly situated persons.

Therefore, Plaintiff's Motion for Leave to File First Amended Complaint, [Docket No. 35], is **DENIED**.

**V.    Defendants' Motions to Dismiss. [Docket Nos. 21, 49].**

Defendants' first Motion to Dismiss, [Docket No. 21], seeks dismissal of the official capacity claims in Plaintiff's Complaint against Defendants Benoit, Benson, Bornus, Christensen, Hebert, Johansson, Johnson-Piper, Johnston, Kniesel, Kulas, Lockie, Moser, Dana Osborne, Tara Osborne, Elizabeth Peterson, Ross Peterson, Puffer, Richardson, Sayovitz and Sheeran. Defendants' second Motion to Dismiss, [Docket No. 49], seeks dismissal of the individual capacity claims against Defendants Benoit, Benson, Bornus, Christensen, Hebert, Johansson, Johnson-Piper, Johnston, Kniesel, Kulas, Lockie, Ludeman, Lundquist, Moser, Dana Osborne, Tara Osborne, Elizabeth Peterson, Ross Peterson, Puffer, Richardson, Sayovitz and Sheeran.

Plaintiff's Proposed Amended Complaint, as discussed above, encompasses all of Plaintiff's original Complaint. There are no assertions or claims in Plaintiff's original Complaint that are not in Plaintiff's Proposed Amended Complaint. Accordingly, the undersigned as already discussed each claim in Plaintiff's Complaint and recommended that the claims not be allowed to proceed. The Court will not repeat that discussion here.

Accordingly, for the reasons discussed above in Section IV.B. the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 21], be **GRANTED**; Defendants' second Motion to Dismiss, [Docket No. 49], be **GRANTED**; and Plaintiff's Complaint be **DISMISSED with prejudice**.

**VI.    Plaintiff's Other Miscellaneous Motions. [Docket Nos. 15, 29].**

Plaintiff also brings a number of miscellaneous Motions, including Plaintiff's Motion for Extension of Time for Process Service, [Docket No. 15], seeking an extension of time in which to serve various Defendants and Plaintiff's Motion for Reasonable Accommodations, [Docket No. 29], seeking personal office-style accommodations at the MSOP-Moose Lake facility for Plaintiff to use during the pendency of the present action.

As the Court recommends dismissing all of Plaintiff's claims in the present action, Plaintiff's Motion for Extension of Time for Process Service, [Docket No. 15], and Plaintiff's Motion for Reasonable Accommodations, [Docket No. 29], are mooted.

As such, the Court **DENIES as moot** Plaintiff's Motion for Extension of Time for Process Service, [Docket No. 15], and Plaintiff's Motion for Reasonable Accommodations. [Docket No. 29].

**VII.    CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Extension of Time for Process Service, [Docket No. 15], is **DENIED as moot**;

2. Plaintiff's Motion for Reasonable Accommodations, [Docket No. 29], is **DENIED as moot**; and

3. Plaintiff's Motion for Leave to File First Amended Complaint, [Docket No. 35], is **DENIED**

**IT IS HEREBY RECOMMENDED**:

1. Defendants' Motion to Dismiss, [Docket No. 21], be **GRANTED**;

2. Defendants' Second Motion to Dismiss, [Docket No. 49], be **GRANTED**; and

3. That all of Plaintiff's claims be **DISMISSED with prejudice** as set forth above.

Dated: January 4, 2019                                         s/Leo I. Brisbois
                                                              Leo I. Brisbois
                                                              United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).